IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| **MARIO E. VELIZ,** ) | |
| ) | |
| **Plaintiff,** ) | |
| v. ) | **CIVIL ACTION** |
| ) | **NO.** |
| **KIRSTJEN M. NIELSON, SECRETARY** ) | |
| **DEPARTMENT OF HOMELAND SECURITY,** ) | |
| ) | |
| **Defendant.** ) | |

# *COMPLAINT*

## *Introduction*

1. This is a complaint for damages, declaratory and injunctive relief authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. 2000e et seq. ("Title VII").

2. This lawsuit is brought to prevent Defendant, KIRSTJEN M. NIELSON, DEPARTMENT OF HOMELAND SECURITY, pursuant to Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. 2000e, et seq. ("Title VII"), from maintaining a policy, practice, custom or usage of discriminating against, Plaintiff, MARIO E. VELIZ, in regard to terms, conditions and privileges of employment, and for damages, and other equitable relief for Plaintiff, MARIO E. VELIZ, who has been discriminated against by Defendant on the basis of reprisal (prior EEO Activity).

## *Jury Demand*

3. A jury is hereby demanded.

## *Jurisdiction and Venue*

4. This action is brought for a declaratory judgment, injunctive relief and compensatory

damages, pursuant to 42 U.S.C. Section 1983, 20 U.S.C. Sections 1681-1688, 28 U.S.C. Sections 2201 and 2202.  This Court has jurisdiction to hear the Plaintiff's claims pursuant to 28 U.S.C. Sections 1331, 1343(3) and (4) 1337 and 42 U.S.C. 2000e-5(f) [Section 706(f)(s) and (3) and 704(a) of Title VII].

5.	Venue is proper in the Western District of Texas, El Paso Division pursuant to 28 U.S.C. Section 1391(b) as El Paso County, Texas is the county where the Defendant operates the KIRSTJEN M. NIELSON, DEPARTMENT OF HOMELAND SECURITY, Plaintiff's employer. Further, all actions complained of herein occurred within the El Paso County, Texas.

*Parties*

6.	**MARIO E. VELIZ** is a male citizen of the United States and a resident of the City of El Paso, El Paso County, Texas.

7.	Plaintiff is employed by the Defendant, **KIRSTJEN M. NIELSON, DEPARTMENT OF HOMELAND SECURITY**.  The Defendant maintains and administers records relevant to its employment practices.  Service of process may be made upon the United States Attorney for the Western District of Texas, and the United States Attorney General, Department of HOMELAND SECURITY, by registered or certified mail, pursuant to the Federal Rules of Civil Procedure (Rules 4(I)(1)(A), (B) & (C)).

8.	Defendant is an employer within the meaning of 42 U.S.C. 2000e, et seq., ("Title VII").

*Exhaustion of Remedies*

9.	Plaintiff filed a formal complaint of discrimination.  Such filing was within at least 45 days of the last act of which he complained.  Plaintiff's formal complaint alleged denial of Plaintiff's rights, by Defendant, under Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e, et seq., as amended by the Civil Rights Act of 1991.  Specifically, MARIO E. VELIZ alleges that he was

discriminated against because of retaliation (prior EEO Activity).

10.     All conditions precedent to the filing of the lawsuit has been met.

*Factual Allegations*

11.     Complainant was an Immigration Enforcement Agent and now is a Deportation Officer, GS-1801-09 at the El Paso, Texas Processing Center, at the time of discrimination. Complainant began his Federal career at the El Paso Processing Center in August 1997.

12.     Complainant has been subjected to a hostile work environment by his first line supervisor Caesar Mejia, Supervisory Immigration Enforcement Agent, in retaliation for his EEO activity. As a result, Complainant filed an EEO complaint against Mr. Mejia in 2010.

13.     More specifically, Complainant was discriminated against based on retaliation/reprisal (prior EEO activity) when on July 11, 2014 and July 14, 2014, Supervisory Immigration Enforcement Agent (SIEA) excluded him from a shift meeting, and increased his workload without providing additional staff to assist him.

14.     Complainant was further discriminated against based on retaliation/reprisal (prior EEO activity) when on July 17, 2014, after hearing a comment about him from a Deportation Officer, the SIEA stated to other employees, "Don't worry I retaliate".

15.     Complainant was again further discriminated against based on retaliation/reprisal (prior EEO activity) when on July 21, 2014 and July 22, 2014, he was unfairly assigned the same post back-to-back on consecutive days.

## COUNT ONE
## REPRISAL/RETALIATION

16.     The Plaintiff, **MARIO E. VELIZ** realleges paragraphs 1 - 15 as if fully set forth herein.

17.     Defendant retaliated against Plaintiff, **MARIO E. VELIZ** herein since it engaged in reprisal

and retaliation in violation of the Title VII.  Specifically, Plaintiff, **MARIO E. VELIZ** suffered adverse employment consequences as a direct result of his participation or assistance in an EEOC process.  As a direct and proximate result of these actions, Plaintiff, **MARIO E. VELIZ** suffered retaliation and reprisal.

*COUNT TWO*
*HOSTILE WORK ENVIRONMENT*

18. Plaintiff realleges paragraphs 1-17 as if fully set forth herein.

19. The actions of Defendant, constituted a hostile work environment against Plaintiff, in the creation and condonation of a hostile work atmosphere which changed the terms and conditions of his employment.

20. The unlawful employment practices in violation of the Civil Rights Act herein complained of, occurred in the course of Plaintiff's employment with Defendant, were carried on by Defendant's agents, servants, and employees and because the Agency threatened him with possible disciplinary action for filing EEOC complainant and made the work environment one that a reasonable person could not endure without injury.

21. Defendant discriminated and retaliated against Plaintiff herein as a male with respect to the terms, conditions, privileges, advantages and benefits of his employment with Defendant. Specifically, Plaintiff was harassed, held to stricter standards of performance, and denied benefits of employment accorded other employees.

22. In addition, Plaintiff was treated dissimilarly from other employees.

23. By reason of the Defendant's actions, Plaintiff, **MARIO E. VELIZ** found it necessary to retain the services of an attorney in these proceedings and heretofore and is therefore entitled to attorney's fees pursuant to the Title VII, and under the general equity Powers of the Court.

WHEREFORE, Plaintiff respectfully requests:

a. A declaratory judgment, declaring Defendant's acts, through the acts of its agents, employees and successors, herein complained of to be in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

b. Compensatory damages against the Defendant for each violation of Plaintiff's rights, as protected by Title VII and, for his pain, suffering, emotional distress, humiliation and for any resulting physical and emotional damages, in the amount of $300,000.00;

c. Attorney's fees, court costs, prejudgment and post judgment interest as provided by law including Title VII; and

d. Such other and further relief to which Plaintiff may be entitled.

Respectfully submitted,

*The Law Office of Enrique Lopez*
701 N. St. Vrain Street
El Paso, Texas 79902
Telephone: (915) 351-0595
Facsimile: (915) 534-7207

By: /s/ Enrique Lopez
  ENRIQUE LOPEZ
  State Bar No.: 12563530

**Attorney for Plaintiff**